OPINION
Plaintiff-appellant, Lori Bargo, appeals the trial court's denial of her motion for a new trial or in the alternative, for additur.
On May 15, 1996, appellant was a passenger in a minivan driven by Timothy Brannum. Brannum swerved to the right side of the road to avoid a collision with a truck driven by appellee, Audie Phillips. The minivan struck a decorative mailbox in the form of a metal pump. Appellant filed a complaint against Brannum, Phillips, and Phillips' employer, R L Carriers, for injuries she alleged were sustained in the accident.
A jury trial began on August 23, 1999. The jury was shown the videotaped depositions of several medical experts and heard testimony from appellant. On August 26, 1999, the jury returned verdicts in favor of both defendants. Interrogatory forms completed by the jury stated that the jury found Brannum was not negligent in the accident. The interrogatory forms also stated that the jury found Phillips was negligent, but did not directly and proximately cause appellant's injuries.
Appellant filed a motion for a new trial or in the alternative, for additur. The motion was denied by the trial court. Appellant appeals the trial court's denial of her motion and raises the following single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN OVERRULING HER MOTION FOR A NEW TRIAL, OR, IN THE ALTERNATIVE FOR ADDITUR.
Appellant contends that the jury's verdict is contrary to the manifest weight of the evidence and requires granting a new trial because all three medical experts testified that she sustained some injury as a result of the automobile collision. Appellant also contends that the testimony of appellees' medical expert alone was sufficient to prove that the automobile accident caused some injury to her.
Civ.R. 59(A)(6) provides that a new trial may be granted when "the judgment is not sustained by the weight of the evidence." Because a trial court has broad discretion in determining whether a jury verdict is against the manifest weight of the evidence,Osler v. Lorain (1986), 28 Ohio St.3d 345, 351, a trial court's ruling on a motion for a new trial based upon the weight of the evidence will not be reversed absent an abuse of discretion.Antal v. Olde Worlde Prod., Inc. (1984), 9 Ohio St.3d 144, 145. Moreover, when a jury's decision is supported by some competent, credible evidence going to the essential elements of the case, that award will not be reversed by a reviewing court as being against the manifest weight of the evidence. C. E. Morris Co. v.Foley Const. Co. (1978), 54 Ohio St.2d 279, 280; Seasons Coal Co.v. Cleveland (1980), 10 Ohio St.3d 77, 80. In the area of damages in a personal injury case, neither a reviewing court nor a trial court can substitute its judgment for that of the jury.Litchfield v. Morris (1985), 25 Ohio App.3d 42, 44.
John Teece, a chiropractor, testified that he treated appellant for cervical (neck) strain/sprain, headaches associated with neck pain, pain extending from the neck into the shoulder, thoracic sprain/strain, right shoulder sprain/strain and left thoracic wall contusion. He stated that, in his opinion, with a reasonable degree of chiropractic certainty, the injuries were caused by the May 15, 1996 automobile collision.
Dr. Andrew Roth, an orthopedic surgeon, testified that he treated appellant and diagnosed chronic bursitis, strain of the right shoulder, and cervical strain. Dr. Roth testified that, to a reasonable degree of medical certainty, appellant's injuries were a direct result of the automobile collision on May 15, 1996.
Dr. Thomas Bender, an orthopedic surgeon, testified that he examined appellant and reviewed her medical records at appellees' request. He testified that the physical examination was relatively normal. Dr. Bender testified that appellant may have sustained some soft-tissue injury as a result of the automobile collision on May 15, 1996, but that her medical records indicate that she has a history of neck problems as far back as 1988 and that there is evidence of arthritic deterioration of the lower end of appellant's cervical spine. He also testified that based on appellant's multiple shoulder problems, he cannot attribute appellant's bursitis to the automobile injury. Regarding the level of treatment appellant received, Dr. Bender stated that he felt appellant sustained a low-level soft-tissue injury of the neck which may have required some treatment. Dr. Bender stated on cross-examination that appellant may have injured her neck in the accident.
Appellant testified that she was injured in the collision on May 15, 1996. The jury heard testimony that a year before the automobile accident, appellant was injured in a slip and fall accident at the Clermont County Courthouse and that her neck and right shoulder were injured in the fall. Appellant testified she did not disclose the neck and shoulder injuries to the medical experts, nor did she disclose the injuries in her answers to interrogatories or in her depositions. The jury also heard testimony that appellant injured her neck and right shoulder in a fall off a fourteen-foot ladder one month prior to the automobile accident. The jury also heard that appellant failed to disclose these injuries to the medical experts and in her answers to interrogatories and in her depositions.
The trial court found that there was evidence before the jury which would support the jury's finding that appellant's injuries were not proximately caused by appellees. The trial court stated that "[u]pon review of the testimony, it appears that the issue was solely one of determining credibility of the witnesses, particularly the plaintiff." The trial court concluded that it would not set aside the jury's determination of credibility since there was competent, credible evidence to support the decision.
As the trier of fact, the jury is free to accept or reject any or all of appellant's evidence of damages. Kraus v. Kilgore (July 27, 1998), Butler App. No. CA97-05-099, unreported at 13. A jury is free to accept or reject any or all of the testimony of a witness, including testimony of an expert witness. Weidner v.Blazik (1994), 98 Ohio App.3d 321, 335; Botts v. Tibbs (May 24, 1999), Butler App. No. CA98-06-125, unreported at 8. The issue of damages in a personal injury action is particularly within the province of the jury and neither a reviewing court nor a trial court can substitute its judgment for that of the jury.Litchfield v. Morris (1985), 25 Ohio App.3d 42, 44.
The evidence at trial established that both of appellant's medical experts were unaware of her prior neck and back injuries at the time they rendered their opinions. The jury could have reasonably disregarded their opinions on this basis. Dr. Bender was not aware of the prior injuries at the time he initially examined appellant, but was given the information of her previous injuries prior to his testimony. Although appellant argues that Dr. Bender's testimony alone is sufficient to establish that she was injured, his testimony when viewed both as a whole and by individual questions, is far from conclusive on the issue of her injuries. Dr. Bender stated that appellant "may" have injured her neck and "may" have required some therapy, but also discussed her prior injuries. Dr. Bender did not state conclusively that appellant's injuries were more likely than not caused by the automobile collision at issue.
Even assuming appellant presented undisputed evidence, the jury has the power to reject the evidence presented. Kraus v. Kilgore
(July 27, 1998), Butler App. No. CA97-05-099, unreported at 13. "A jury is free to reject any evidence and is not required to accept evidence simply because it is uncontroverted, unimpeached or unchallenged." Id., citing Ace Baling Inc. v. Porterfield
(1969), 19 Ohio St.2d 137, 138.
The plaintiff in a personal injury action bears the burden of establishing that her injuries were a result of the defendant's negligence. Botts v. Tibbs (May 24, 1999), Butler App. No. CA98-06-125, unreported at 9. The jury heard testimony that appellant failed to inform each of the medical experts of her prior neck and back injuries. The jury also heard testimony that appellant failed to disclose those injuries on her answers to interrogatories and in both of her depositions. Although appellant had discussed the incidents in which the injuries occurred, she failed to disclose that she had also injured her neck and back in these accidents. The exact nature of these injuries was not discovered until appellees obtained appellant's medical records.
In a personal injury action where much of the evidence presented is of a subjective nature, the credibility of the witnesses becomes key. The jury could reasonably have determined that because appellant repeatedly failed to disclose these injuries, she was trying to keep the injuries a secret and her testimony regarding the cause of her injuries was not truthful. Credibility is a fact to be determined by the jury and appellant's credibility was seriously called into question by her own actions. The jury's verdict is supported by appellant's failure to tell the truth regarding her previous injuries. The jury could reasonably have concluded that appellant failed to meet her burden to establish that the May 15, 1996 accident was the proximate cause of her injuries.
We find there is competent and credible evidence to support the jury's findings. Accordingly, the trial court did not abuse its discretion in denying appellant's motion for a new trial, or in the alternative for additur.
Judgment affirmed.
 ________________________ WALSH, J.
YOUNG, P.J., and VALEN, J., concur.