[Cite as *Cargile v. Mansfield Correctional Inst.*, 2010-Ohio-5455.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM CARGILE

Plaintiff

v.

MANSFIELD CORRECTIONAL INSTITUTION

Defendant

Case No. 2009-09680-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} Plaintiff, William Cargile, an inmate formerly incarcerated at defendant, Mansfield Correctional Institution (ManCI), filed this action alleging multiple items of his personal property were lost or stolen while under the control of ManCI personnel. On March 20, 2009, plaintiff was transferred from the ManCI general population to a segregation unit. Plaintiff's personal property was inventoried, packed, and delivered into the custody of ManCI staff incident to the March 20, 2009 transfer. Plaintiff pointed out that after he had spent some days in segregation, his Fila boots that he had in his possession were confiscated by ManCI staff and not returned. Furthermore, plaintiff related that when he regained possession of his personal property he discovered his eyeglasses, pair of Nike shoes, twenty photographs, eight envelopes, four t-shirts, four socks, and four boxer underwear were not among the returned property. Plaintiff alleged all the property items claimed were lost while under the control of ManCI personnel and he has consequently filed this claim seeking to recover $2,230.00, the stated value of the alleged missing property. Payment of the filing fee was waived.

{¶ 2} Plaintiff submitted a copy of his "Inmate Property Record" (inventory) compiled when his property was packed on March 23, 2009 and delivered to defendant. Among the property relevant to this claim, the inventory lists one pair of Fila gym shoes, one t-shirt, six undershorts, one photo album, and one pair of reading glasses. The inventory also lists three pairs of state issue shoes. No envelopes, Nike shoes, socks, and additional t-shirts are listed.

{¶ 3} Defendant admitting liability for the loss of plaintiff's Fila shoes and estimated the value of the shoes at $20.00. However, defendant specifically denied liability for the loss of the remaining property items. Defendant explained "there is no record of Plaintiff ever owning Nike shoes" when reviewing his past property records (copies submitted). On March 25, 2009, defendant received a pair of tennis shoes intended for plaintiff from an outside source. These shoes were returned to sender due to the fact plaintiff was housed in a segregation unit at the time and consequently, not permitted to receive such property. Defendant noted plaintiff possessed a pair of eyeglasses when his property was packed on March 23, 2009 at ManCI and an inventory compiled on August 3, 2009 incident to his transfer to the Southern Ohio Correctional Facility (SOCF) references one pair of eyeglasses. Defendant maintained plaintiff failed to prove any eyeglasses were lost while under the control of ManCI staff since one pair of eyeglasses were transferred with him to SOCF. Additionally, defendant noted plaintiff's property inventory dated March 23, 2009 reflects he possessed photographs and an inventory dated August 24, 2009 compiled in preparation for the transfer to SOCF lists photographs. It should be pointed out the August 3, 2009 property inventory compiled at SOCF does not list any photographs, although plaintiff signed the document certifying the inventory as a "complete and accurate" accounting of his personal property. Defendant reported "[t]he socks, underwear and t-shirts were all state issue and were replaced." Defendant maintained plaintiff did not suffer any economic damage as a result of the loss of these state issue clothing items. Defendant contended plaintiff "has not shown proof of ownership of photographs or Nike shoes." Defendant also contended plaintiff failed to prove ownership of envelopes.

{¶ 4} Plaintiff filed a response pointing out inconsistencies in all his property inventories that were submitted. Plaintiff advised the eyeglasses that are listed on an

inventory dated August 3, 2009 were not owned by him, but rather belonged to another inmate and were borrowed for reading purposes. Plaintiff submitted a copy of his property inventory dated March 11, 2010 and no eyeglasses are listed. This inventory does list photographs. No personal shoes of any type are listed. Plaintiff asserted he owned all the property items claimed and these items were lost while under the control of ManCI staff. Plaintiff again requested the court grant judgment in his favor in the amount of $2,230.00. Plaintiff did not produce any evidence other than his assertion to establish that the property claimed had a value of $2,230.00.

CONCLUSIONS OF LAW

{¶ 5} 1) This court has previously held that property in an inmate's possession which cannot be validated by proper indicia of ownership is contraband and therefore, no recovery is permitted when such property is lost or stolen. *Wheaton v. Department of Rehabilitation and Correction* (1988), 88-04899-AD. Consequently, plaintiff's claim for the loss of state issued property items such as socks, t-shirts, and undershorts is denied since he has failed to offer sufficient proof to show he owned the property. See *Sanford v. Ross Correctional Inst.*, Ct. of Cl. No. 2006-03494-AD, 2006-Ohio-7311. Additionally, plaintiff has failed to prove he owned any envelopes and a pair of Nike shoes. All claims for the loss of socks, t-shirts, undershorts, envelopes, and Nike shoes are denied.

{¶ 6} 2) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 7} 3) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 8} 4) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 9} 5)   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD , held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 10} 6)   Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 11} 7)   Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm.  *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 12} 8)   In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 13} 9)   The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  The court finds plaintiff's assertions regarding property loss are not particular persuasive.

{¶ 14} 10)  Plaintiff has failed to prove, by a preponderance of the evidence, any of his photographs and eyeglasses were lost as a proximate result of any negligent conduct attributable to defendant.  *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

{¶ 15} 11)  Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's boots after he was transferred to segregation on March 20, 2009.  *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.

{¶ 16} 12)  The standard measure of damages for personal property loss is market value  *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d

40, 644 N.E. 2d 750.

{¶ 17} 13) As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 18} 14) Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 19} 15) Plaintiff has suffered damages in the amount of $30.00.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM CARGILE

    Plaintiff

    v.

MANSFIELD CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2009-09680-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $30.00. Court costs are assessed against defendant.


DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

William Cargile, #540-910
P.O. Box 45699
Lucasville, Ohio  45699

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222


RDK/laa
6/16
Filed 7/14/10
Sent to S.C. reporter 11/5/10