[Cite as *Gross v. S. Ohio Corr. Facility*, 2011-Ohio-3850.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TONY R. GROSS

Plaintiff

V.

SOUTHERN OHIO CORRECTIONAL FACILITY, et al.

Defendants

Case No. 2010-08675-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} On or about May 20, 2009, plaintiff, Tony R. Gross, an inmate formerly incarcerated at defendant, Southern Ohio Correctional Facility ("SOCF"), was transferred from the SOCF general population to a segregation unit. Plaintiff's personal property was packed and delivered into the custody of SOCF staff incident to this transfer.

{¶ 2} On or about July 22, 2009, plaintiff was released from segregation and his property was again inventoried prior to his transfer from SOCF to the Toledo Correctional Institution (ToCI). Plaintiff asserted that after he regained possession of his property the following items were missing: a Timex watch, a necklace, and three art boards. In addition, plaintiff alleges his radio and dictionary were damaged (broken volume control knob, torn cover). Plaintiff submitted a copy of the pack-up inventory compiled on May 20, 2009. Items listed relevant to this claim are a watch, a necklace, three drawing boards, and a radio. Plaintiff maintained all of the listed property was in

good working order before it was packed and delivered into the custody of SOCF personnel. Plaintiff contended his radio and dictionary were damaged at some time during the transport to ToCI. Plaintiff claimed additional property items (a chord finder, a stamp magnifier, an Allman Brothers CD, and a TV antenna) were confiscated by ToCI staff as possible contraband and were not returned to him. Plaintiff submitted a copy of an inventory compiled by SOCF personnel on July 22, 2009. Items relevant to this claim listed on the inventory are a radio, a CD, and a TV antenna. Plaintiff submitted a copy of an inventory completed by ToCI personnel on July 23, 2009. The following items claimed as missing are listed on this inventory: radio, CD, magnifier, chord finder, and TV antenna.

{¶ 3}    Plaintiff asserted ToCI staff confiscated his guitar chord finder and placed it in storage pending completion of an internal policy regarding possession of musical property by inmates in protective custody. According to plaintiff, the chord finder was subsequently lost or stolen while in the custody of ToCI staff.

{¶ 4}    Finally, plaintiff claimed ToCI staff confiscated a stamp magnifier, an Allman Brothers CD, and a TV antenna as contraband, and that such items were not returned to him. Consequently, plaintiff filed this complaint seeking to recover $ 204.00, the total replacement cost of the property claimed. The filing fee was paid.

{¶ 5}    Plaintiff submitted additional information documenting his decision to give the broken radio to another inmate rather than to discard it in the trash. According to plaintiff, the radio was subsequently confiscated from the other inmate and designated as contraband. Plaintiff sought to have the damaged radio returned to him, to no avail.

{¶ 6}    Defendant denied any liability and asserted plaintiff's copy of the May 20, 2010 inventory is illegible. In addition, defendant was unable to locate its copy of the same inventory. Defendant maintained plaintiff signed both the July 22, 2009 inventory compiled at SOCF acknowledging the items listed constituted a complete and accurate inventory of all his property, and the subsequent receipt prepared by ToCI staff indicating that plaintiff received all of the items transferred from SOCF listed on the July 22, 2009 inventory. Defendant contended plaintiff failed to prove the radio was damaged during transport or while under defendant's control. Finally, defendant stated plaintiff's chord finder, Allman Brothers CD, magnifier, and TV antenna were returned to him.

**{¶ 7}** Plaintiff filed a response wherein he acknowledged receipt of the chord finder and the stamp magnifier in November 2010. On November 12, 2010, defendant filed a motion to supplement the record wherein defendant explained that a bag containing plaintiff's chord finder, stamp magnifier and a clip-on lamp had apparently fallen behind a cabinet and that the recently located property had been returned to plaintiff. In addition, an institutional inspector's report states plaintiff's antenna and Allman Brothers CD were confiscated as contraband because the antenna was altered and plaintiff failed to provide a receipt proving ownership of the CD.

CONCLUSIONS OF LAW

**{¶ 8}** This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 9}** Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 10}** In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 11}** "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided * * * by the court * * *" *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; and *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 12}** Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 13}** The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is

free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particular persuasive in regard to the fact he was the rightful owner of all of the confiscated property.

{¶ 14} Plaintiff has no right to pursue a claim for destroyed property in which he cannot prove any right of ownership. *DeLong v. Department of Rehabilitation and Correction* (1988), 88-06000-AD. Defendant cannot be held liable for contraband property that plaintiff has no right to possess. *Beaverson v. Department of Rehabilitation and Correction* (1988), 87-02540-AD; *Radford v. Department of Rehabilitation and Correction* (1985), 84-09071.

{¶ 15} An inmate maintains no right of ownership in property which is impermissibly altered and therefore, has no right to recovery when the altered property is lost or destroyed. *Watley v. Ohio Department of Rehabilitation and Correction*, Ct. of Cl. No. 2005-05183-AD, jud, 2005-Ohio-4320; *Watson v. Ohio State Penitentiary*, Ct. of Cl. No. 2007-05229-AD, 2008-Ohio-2848.

{¶ 16} Evidence has shown some confiscated property was altered and consequently was considered impermissible. No recovery can be had for the loss or destruction of impermissible altered property. See *Kemp v. Ohio State Penitentiary*, Ct. of Cl. No. 2006-02587-AD, 2006-Ohio-7247.

{¶ 17} Plaintiff has failed to show any causal connection between any damage to the radio or the dictionary and any breach of duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615. In addition, plaintiff, by giving the radio to another inmate, effectively relinquished all ownership rights in the property. See *Johnson v. Ohio Reformatory for Women*, Ct. of Cl. No. 2004-01087-AD, 2004-Ohio-4818.

{¶ 18} Negligence on the part of defendant has been shown in respect to a portion of the property claimed. *Baisden v. Southern Ohio Correctional Facility* (1977), 76-0617-AD. Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after he was transferred to segregation on May 20, 2009. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.

Plaintiff has offered sufficient proof to establish defendant is liable for the loss of a watch, necklace, and three art boards.

{¶ 19}     The assessment of damages is a matter within the province of the trier of fact.  *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462.

{¶ 20}     As trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 21}     Defendant is liable to plaintiff for property loss in the amount of $45.00, the fair market value of the watch, necklace, and art boards, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TONY R. GROSS

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY, et al.

    Defendants

    Case No. 2010-08675-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $70.00, which includes the filing fee. Court costs are assessed against defendant.

                                 DANIEL R. BORCHERT
                                 Deputy Clerk

Entry cc:

Tony R. Gross, #A336-748        Gregory C. Trout, Chief Counsel
P.O. Box 80033                  Department of Rehabilitation
2001 E. Central Avenue        and Correction
Toledo, Ohio 43608            770 West Broad Street

Columbus, Ohio  43222

SJM/laa
3/30
Filed 4/21/11
Sent to S.C. reporter 8/5/11