[Cite as *McCall v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-4148.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAMON L. MCCALL

Plaintiff

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

Defendant

Case No. 2010-09191-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1} On July 19, 2010, plaintiff, Damon McCall, an inmate formerly incarcerated at defendant, Pickaway Correctional Institution (PCI), filed this action alleging several items of his personal property were lost or stolen on August 6, 2009, as a proximate result of negligence on the part of PCI staff. Plaintiff listed the lost or stolen items and their values as follows: one digital alarm clock and cassette player, $100; two bath towels, $16.06; one large print Arabic Qur'an, $45; two pair of headphones, $18.73 each; commissary items, $13.92 (which includes one A/C adapter, $8.61); one Afro comb, $1.05; and copying and postage fees, between $7 and $12.[1]

{¶2} According to plaintiff, he was transferred from the general population to a segregation unit on August 6, 2009, and he was not allowed to be present when his property was inventoried, packed, and delivered into the custody of PCI personnel incident to this transfer. Plaintiff asserted PCI Corrections Officer (CO) Parker either

---

[1]Postage and copying expenses are not compensable in a claim of this type. The request to include these expenses in the damage claim is denied and shall not be further addressed.

stole or lost his personal property after he was placed in segregation. In addition, plaintiff recalled that Parker issued him a contraband slip in reference to a clock radio and two sets of headphones. Finally, plaintiff claimed CO Parker took control of his possessions he had with him in the segregation holding cell which he listed as "all the commissary I had just purchased," "my state blues & my tennis shoes & hat."[2]

{¶3} Plaintiff requested damages in the amount of $3,000. The $25.00 filing fee was paid. On May 17, 2010, a judge of the Court of Claims issued an entry wherein plaintiff's case was transferred to the administrative docket inasmuch as the judge determined the value of plaintiff's claim does not exceed $2,500.00. See R.C. 2743.10.

{¶4} On or about November 16, 2009, plaintiff was released from segregation and then transferred from PCI to the Mansfield Correctional Institution (ManCI). Plaintiff asserted that after he regained possession of his property all of the above listed items were missing. Plaintiff submitted a copy of the pack-up inventory compiled on August 6, 2009. The only items listed relevant to this claim are a hat, two towels, and an adapter.

{¶5} Nonetheless, plaintiff insisted that all of his property listed as missing was delivered into the custody of PCI personnel. Plaintiff contended his radio and headphones were confiscated by PCI staff as contraband and were not returned to him. Plaintiff submitted a copy of an inventory compiled by ManCI personnel on November 16, 2009. Items relevant to this claim listed on the inventory are a hat and two towels (both designated as state issue), and one pair low gym shoes (black/white).

{¶6} Plaintiff asserted PCI staff confiscated his clock radio and headphones, placed them in storage, and lost or destroyed those items. Plaintiff submitted additional information documenting his attempts to locate the missing items and contraband.

{¶7} Defendant admitted liability for the loss of plaintiff's clock radio[3] and headphones. Defendant asserted that the clock radio and headphones were taken as contraband, placed in the vault, and destroyed. According to defendant, plaintiff subsequently provided sufficient proof of ownership for the clock radio. Defendant denied liability for any loss of property incident to the August 6, 2009 transfer to a

---

[2] "Plaintiff cannot bring an action for the loss of state issue property considering he has no ownership right in such property." *Sanford v. Ross Corr. Inst.*, Ct. of Cl. No. 2006-03494-AD, 2006-Ohio-7311, ¶6. Therefore, any claim for the loss of state issue property is denied and shall not be further addressed.

segregation unit. Defendant contended plaintiff was permitted to view his property after it was packed on August 6, 2009, and that plaintiff signed the inventory sheet declaring all of his property was secured by PCI staff.

{¶8}   Plaintiff filed a response wherein he asserted that due to a change in institutional rules, inmates are no longer permitted to purchase or receive adapters or electronic items with the exception of televisions and typewriters.   Thus plaintiff maintained that inmates are required to operate electronic devices on battery power, the batteries cost $2.00 per pack, and that therefore, defendant is liable to plaintiff for the future cost of batteries.   In addition, plaintiff pointed out that the property inventory he signed and defendant referenced in its investigation report was dated June 12, 2009. Plaintiff insisted he was not permitted to view his property from the time he was transferred to segregation until after he arrived at ManCI.

## CONCLUSIONS OF LAW

{¶9}   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶10} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶11} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶12} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided * * * by the court * * *" *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; and *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶13} Plaintiff has the burden of proving, by a preponderance of the evidence,

---

[3]Defendant noted plaintiff had the clock radio for at least eight years.

that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶14} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive regarding the loss of every claimed item.

{¶15} Negligence on the part of defendant has been shown in respect to a portion of the property claimed. *Baisden v. Southern Ohio Correctional Facility* (1977), 76-0617-AD. Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after he was transferred to segregation on August 6, 2009. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD. Plaintiff has offered sufficient proof to establish defendant is liable for the loss of a clock radio, two pair of headphones and an adapter.

{¶16} The assessment of damages is a matter within the province of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462.

{¶17} As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶18} "The measure of damages for loss or injury to personal property is generally the reasonable market value of the property at the time of loss. See 30 O. Jur. 3d Sec. 70 at 78 (1981)." *Craft v. Oney* (Oct. 17, 1984), Montgomery App. No. 8766.

{¶19} Evidence has shown plaintiff's clock radio was at least eight years old when the incident forming the basis of this claim occurred. Based on the fact the clock radio constituted depreciable property, the court finds defendant is liable to plaintiff for property loss in the amount of $50.00, the fair market value of the clock radio, headphones and adapter, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d.



# Court of Claims of Ohio

DAMON L. MCCALL

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

    Defendant

    Case No. 2010-09191-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $75.00, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Damon L. McCall, #233-304
P.O. Box 788
Mansfield, Ohio 44901

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

SJM/laa
4/20
Filed 5/24/11
Sent to S.C. reporter 8/19/11