[Cite as *Owens v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-6878.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANTHONY OWENS,

    Plaintiff,

    v.

OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,

    Defendant.

:      Case No. 2011-04665-AD

:      Acting Clerk Daniel R. Borchert

:      <u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1} On January 27, 2010, plaintiff, Anthony Owens, an inmate formerly incarcerated at defendant, Allen Correctional Institution (ACI), was transferred from ACI to Oakwood Correctional Facility (OCF). Plaintiff's personal property was inventoried, packed and delivered into defendant's custody incident to the transfer. Plaintiff asserts his property including legal materials filled two boxes and one large bag. ACI personnel ordered plaintiff to condense his possessions into one box and allegedly deemed the remainder of his property contraband. Plaintiff apparently possessed property items and legal materials in excess of volume limitations (2.4 cubic feet) set by defendant's internal regulations. Plaintiff insisted he had been granted permission (record submitted) to possess the excess legal materials and that the extra box had been issued to him at ACI in January 2008.[1] Plaintiff seeks damage recovery in the amount of $1,855.00 the estimated value of his trial transcript and an unspecified amount for the value of the missing family photos. Payment of the filing fee was waived.

---

[1] The legal box agreement, dated January 5, 2008, states that nothing but legal materials may be stored in the second box, and that the status of the second box may be reviewed every ninety days.

{¶2}    Plaintiff submitted a copy of the January 26, 2010 inmate property record (inventory) which purportedly was compiled at OCF (ACI is written but crossed out) listing multiple personal property and food items including five assorted pictures, and designates one "legal box" and one "legal bag" as contraband. This inventory is signed and dated by Corrections Officer (CO) VanHorn and by plaintiff.  Plaintiff also submitted an inventory compiled at ACI and dated January 27, 2010, which mentions that plaintiff refused to pack-up his property.[2]  The form specifies that all of the listed property has been placed in one box and is signed only by CO Gruber. This form does not record the five pictures mentioned in plaintiff's complaint and lists "legal work-reasonable amount." The next relevant inventory form plaintiff provided is dated February 2, 2010, and indicates 1 ½ boxes of "legal paper work," legal pads, and copy paper were transferred from  ACI to OCF, and plaintiff acknowledged receipt of same on February 25, 2010. Finally, a July 28, 2010 inventory indicates one bag of miscellaneous property and food items was transferred from ACI to OCF and plaintiff's signature certified that "the above listed items are a complete and accurate inventory of all my personal property." However no photographs are listed on this form.

{¶3}    Defendant denied liability and asserted all of plaintiff's property had been returned to him. Defendant contended plaintiff failed to prove any of his legal materials were lost or destroyed by ACI personnel. Defendant maintained plaintiff's legal materials were properly confiscated on January 27, 2010, and that once plaintiff obtained permission from Warden Williams at OCF for an extra foot locker in his cell to store legal papers, his legal materials were returned to him.

{¶4}    Plaintiff filed a response on June 27, 2011, stating that there are discrepancies among the various pack-up sheets and the items listed on each.  In addition, plaintiff argues that defendant failed to explain the nearly one month delay for plaintiff to obtain his legal materials. Finally, plaintiff acknowledges he received some of his legal papers on February 25, 2010, and the "additional portion of the confiscated property taken on January 27, 2010" on July 28, 2010.

CONCLUSIONS OF LAW

---

[2] Plaintiff included a copy of a conduct report issued by CO Sheldon January 27, 2010, charging plaintiff with disobedience of a direct order, lying to departmental employee, and possession of contraband.  CO Sheldon notes plaintiff refused to authorize the mailing out or destruction of his excess property.

{¶5}   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶6}   Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶7}   In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶8}   The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  In the instant action, the trier of fact finds that the statements of plaintiff are not particularly persuasive. Evidence has shown that plaintiff's legal materials, including those repacked by COs Gruber and Sheldon on January 27, 2010, were returned to plaintiff once the warden at OCF granted plaintiff approval to possess property in excess of the standard 2.4 cubic feet restriction.

{¶9}   An inmate plaintiff is barred from pursuing a claim for the loss of use of restricted property when such property is declared impermissible pursuant to departmental policy. *Zerla v. Dept. of Rehab. and Corr.* (2001), 2000-09849-AD.  In the instant case, plaintiff failed to prove he was authorized to possess an extra box plus one large plastic bag of legal materials after he was scheduled for transfer to another facility. Evidence in the file establishes such approval was subsequently granted on February 25, 2010.

{¶10} Negligence on the part of defendant has been shown in respect to a portion of the property claimed. *Baisden v. Southern Ohio Correctional Facility* (1977), 76-0617-AD.  Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after he was transferred to OCF on January 27, 2010. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.

Plaintiff has offered sufficient proof to establish defendant is liable for the loss of five photographs.

{¶11} The assessment of damages is a matter within the province of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462.

{¶12} As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶13} Defendant is liable to plaintiff for property loss in the amount of $5.00, the fair market value of the photographs.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANTHONY OWENS

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2011-04665-AD

Acting Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $5.00. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Anthony Owens, #558-615                 Gregory C. Trout, Chief Counsel
1990 Harmon Avenue                      Department of Rehabilitation
Columbus, Ohio  43223                   and Correction
                                        770 West Broad Street
                                        Columbus, Ohio  43222

8/4
Filed 8/11/11
Sent to S.C. reporter 1/3/12