LITCHFIELD ET AL., APPELLEES, v. MORRIS, APPELLEE; MORRIS, APPELLANT.

CITY OF COLUMBUS, APPELLANT, v. MORRIS, APPELLEE.*

FERRIS, APPELLEE, v. CITY OF COLUMBUS, APPELLANT, ET AL.*

(Nos. 84AP-1065, -1072 and -1073 — Decided June 27, 1985.)

APPEALS: Court of Appeals for Franklin County.

*Scott, Koblentz & Binau* and *Dan J. Binau,* for G. Gregory Litchfield and Pamela S. Litchfield.

*Michael M. Haran,* for Jean Lotito Morris.

*Wiles, Doucher, Van Buren, Boyle & Casey Co., L.P.A., Daniel G. Wiles* and *W. Charles Curley,* for Tony Lee Morris.

*Gregory S. Lashutka,* city attorney, and *Debi Everson,* for the city of Columbus.

*Lamkin & Vickery, Bryon Vickery* and *William Lamkin,* for David J. Ferris.

STRAUSBAUGH, J. This matter is before us on the appeals of appellants, city of Columbus and Tony Lee Morris, from the final judgments of the common pleas court.

Defendant Tony Morris appeals the decision of the common pleas court rendered October 25, 1984 and journalized November 21, 1984, wherein the trial court sustained plaintiff David Ferris' motion for a new trial on the grounds that:

"(A) the jury verdict in the sum of $55,000.00 is inadequate, appearing to have been given under the influence of passion or prejudice; and

"(B) any verdict in an amount less than $150,000.00 could not be sustained by the weight of evidence."

Defendant city of Columbus appeals from that portion of the jury verdict finding it liable to plaintiff Ferris in the jury verdict rendered September 21, 1984, and journalized October 12, 1984, in favor of plaintiff in the sum of $55,000, against defendant city of Columbus, based on seventy-five percent

negligence, and against defendant Tony Lee Morris, based on twenty-five percent negligence, and awarding the city of Columbus zero dollars in its claim for property damages arising out of the collision.

The city of Columbus also appeals from the trial court's order granting plaintiff Ferris a new trial on the issue of damages only in the judgment entry filed November 21, 1984.

The record indicates that on October 29, 1981, plaintiff Ferris was a passenger in an automobile operated by defendant Tony Lee Morris who was westbound on State Route 161 when that vehicle, making a left turn onto Karl Road, was struck by a Columbus police cruiser operated by Officer William J. Brintlinger who, along with his fellow Columbus police officer G. Gregory Litchfield, was traveling eastbound through the intersection of Karl Road on State Route 161. The record further indicates that a few minutes before the collision the two officers had been dispatched to a motel near State Route 161 on a drunk call; that as they were pulling into the motel parking lot the officers were redispatched to the scene of a burglary in process on Marcia Drive, approximately ten to twelve miles southeast of that location; and that the officers proceeded southbound on Busch Boulevard, stopping for a red light at State Route 161 and waiting for the traffic to clear, then turning left onto State Route 161 and heading east where the cruiser struck the vehicle driven by Morris as the Morris vehicle was making a left turn onto Karl Road. Two witnesses estimated that the police cruiser was traveling between sixty-five and seventy miles per hour as it entered the intersection. Officer Brintlinger testified that he was traveling forty-five miles per hour. The investigating Columbus police officer was of the opinion that the cruiser was doing at least forty-five miles per hour. It was undisputed

that the flashing light and siren on the police cruiser were not being operated at the time of the collision. There is a conflict in the testimony of the officers as to whether the location of the burglary in process was a school, a business or a private residence.

Appellant city of Columbus sets forth the following five assignments of error:

"I. The trial court erred [in] granting plaintiff's motion for a new trial solely on the issue of damages.

"II. The trial court erred in overruling the city's motion for summary judgment.

"III. The trial court erred in its instructions to the jury regarding the immunity granted under § 701.02 of the Ohio Revised Code.

"IV. The jury determination that the police officers herein were not engaged in an emergency run at the time of the accident is against the manifest weight of the evidence and should be reversed.

"V. The jury determination that the city of Columbus was 75 percent negligent in causing the accident which is the subject of this lawsuit is against the manifest weight of the evidence."

Appellant Tony Lee Morris sets forth the following single assignment of error:

"The trial court erred in sustaining plaintiff-appellee David J. Ferris' motion for a new trial."

We find that the first assignment of error of the city of Columbus and the single assignment of error of Tony Lee Morris are well-taken and therefore are sustained. The court, in *Hermann* v. *Peters Cafeteria, Inc.* (App. 1937), 24 Ohio Law Abs. 290, 291, held that:

"In cases of personal injury, where the amount of the verdict cannot be arrived at by mathematical computation, but is the result of the composite opinion of a jury, and where the facts do not justify a finding that the jury was actuated

by passion or prejudice, and the verdict is not so small as to necessarily imply the influence of passion or prejudice, [the] * * * reviewing court * * * can interfere only on the ground that the damages awarded are so inadequate as to justify the court in finding that the verdict in that regard is manifestly against the weight of the evidence * * *."

In this case, the record is devoid of any evidence that the jury was influenced by passion or prejudice. In the absence of prejudice neither this court nor the trial court can substitute its judgment for that of the jury in the area of damages in a personal injury case. The Supreme Court held in *Toledo, Columbus & Ohio River RR. Co.* v. *Miller* (1923), 108 Ohio St. 388, at paragraph three of the syllabus:

"In an action for damages for personal injury, a verdict should not be set aside unless the damages awarded are so excessive as to appear to have been awarded as a result of passion or prejudice, or unless it is so manifestly against the weight of the evidence as to show a misconception by the jury of its duties in the premises."

We find that the same reasoning which applies to the setting aside of a jury verdict for reason of the award of excessive damages applies in the setting aside of a jury verdict for what the trial court considers to be an inadequate award of damages. The single assignment of error of Tony Lee Morris and the first assignment of error of the city of Columbus are sustained.

With respect to the second, third and fourth assignments of error of the city of Columbus, which are based upon the issue that the vehicle of the city of Columbus was on an emergency run, we find that there was sufficient evidence for the jury to find that the vehicle was not on an emergency run. The fact that the vehicle was operating without a flashing light and siren is a factor which may be considered by the jury in making such a determination. The second, third and fourth assignments of error of the city of Columbus are overruled.

With respect to the fifth assignment of error of the city of Columbus, we find that the jury as the trier of fact was entitled to consider the credibility of the witnesses in determining the speed of the cruiser and whether the cruiser was lawfully in the intersection and entitled to the right-of-way. The finding by the jury that the city of Columbus was seventy-five percent negligent in causing the accident is not against the manifest weight of the evidence. The fifth assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court in granting a new trial is reversed and the cause is remanded to the trial court for the reinstatement of the jury verdict and the rendering of judgment thereon.

*Judgment reversed
and cause remanded.*

REILLY, P.J., and STERN, J., concur.

STERN, J., retired Justice of the Supreme Court of Ohio, assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.