Plaintiff-appellant, Francis E. Callentine II, appeals a decision of the Warren County Court of Common Pleas granting judgment in favor of Central Cab Co. ("Central Cab"). We affirm.
On July 24, 1993, appellant was driving a 1986 Chevrolet van with nine other passengers to Kings Island Park in Deerfield Township, Ohio.[1] Appellant was traveling south on Interstate 71 when the traffic ahead stopped. Appellant stopped his vehicle; however, Dennis Smith, who was driving a bus behind appellant, did not realize that the traffic ahead had stopped. As a result, Smith rear-ended the van appellant was driving.
The police arrived at the scene of the accident and no one reported any injuries at that time.[2] Afterward, appellant went to Kings Island Park and rode on several rides. The following six months, appellant continued to work as a bricklayer, which requires heavy physical labor. On February 3, 1994, appellant sought medical attention for neck pains and later for numbness of his right arm.
On December 4, 1996, appellant filed a complaint in the trial court against Central Cab and Smith alleging negligence and seeking compensation for his injuries.[3] A trial was held from February 2, 1998 through February 4, 1998, during which Central Cab stipulated that Smith was employed with Central Cab and that he was acting within the scope and in the course of his employment at the time of the accident. In addition, Central Cab stipulated that it was negligent and Smith's conduct was the proximate cause of the accident.
At trial, appellant admitted he suffered neck injuries as a result of two previous automobile accidents. However, appellant asserted that these pre-existing injuries had no connection to the injuries he allegedly sustained as a result of Central Cab's negligence.
On February 4, 1998, the jury returned a general verdict in favor of Central Cab, awarding appellant no damages. However, the verdict was not tested by interrogatories. By judgment entry filed on March 30, 1998, the trial court finalized the jury verdict. Appellant filed a timely appeal and asserts the following assignment of error:
 THE JURY VERDICT IN FAVOR OF DEFENDANT IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE COMBINED WITH APPELLEE-DEFENDANT'S STIPULATION AS TO NEGLIGENCE.
In his assignment of error, appellant claims that the jury lost its way when it found that appellant did not suffer from an injury and created a miscarriage of justice when it rendered a verdict in favor of Central Cab. We disagree.
An appellate court will not reverse a judgment as being against the manifest weight of the evidence when there is some competent and credible evidence to support the findings of fact. Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. In addition, in a personal injury case, neither the reviewing court nor a trial court can substitute its judgment for the jury's judgment in determining the issue of damages. Action v. Ventling (June 27, 1994), Butler App. No. CA93-05-088, unreported, citing Litchfield v. Morris (1985), 25 Ohio App.3d 42.
Appellant first claims that the jury lost its way because it rejected medical testimony and evidence that the July 24, 1993 accident caused or aggravated appellant's injuries. Appellant introduced testimony from four doctors who opined that appellant's injuries were either caused or aggravated by the accident. However, other evidence introduced at trial showed that appellant was involved in two prior automobile accidents which could have resulted in the injuries appellant now complains about. Further, Central Cab's expert opined that there was no medical basis or symptoms to substantiate appellant's complaints as they relate to his injuries following the accident. Therefore, the expert opined that the accident did not cause or aggravate appellant's pre-existing injuries.
Despite this, appellant claims that the jury lost its way because some of the evidence clearly demonstrated that appellant suffered some injury from the July 24, 1993 accident. However, appellant fails to realize that "a jury is free to reject any evidence and is not required to accept evidence simply because it is uncontroverted, unimpeached, or unchallenged." Krauss v. Kilgore (July 27, 1998), Butler App No. CA97-05-099, unreported, at 15. Further, it is well-established that when there is conflicting testimony, it is the responsibility of the trier of fact to settle the dispute. Knorr v. Estes (Feb. 12, 1996) Warren App. No. CA95-07-075, unreported. As the trier of fact, the jury was "free to accept or reject any or all of appellant's evidence" relating to whether the July 24, 1993 accident caused or aggravated his injuries. Peck v. Ryan (June 30, 1988), Butler App. No. CA98-09-120, unreported, at 4-5.
Further, in order for a reviewing court to test the jury's verdict, interrogatories must be available. Id. Even though Civ.R. 49(B) allows a party to request interrogatories, appellant elected not to submit interrogatories to the jury. As a result, such "omission fails to inform a reviewing court of the evidence which the jury ultimately accepted or rejected in reaching its verdict." Id.; Krauss, Butler App No. CA97-05-099, unreported. Since there were no interrogatories, this court is unable to ascertain whether the jury's verdict was based upon a finding that appellant suffered "no injury," or a finding that the accident did not proximately cause appellant's injuries.
Appellant next claims that Central Cab stipulated to proximately causing appellant's injuries. Therefore, appellant contends that the trial court should have instructed the jury that Central Cab not only admitted to proximately causing the accident, but also admitted to proximately causing appellant's injuries, and that their sole function was to determine damages. However, the record shows that appellant did not object when the trial court instructed the jury to determine whether or not the accident proximately caused appellant's injuries. Appellant claims that his failure to object does not waive his right to appeal since the trial court's failure to give the appropriate instruction constitutes plain error. We disagree.
Plain error is defined under Crim.R. 52(B) as "errors or defects affecting the substantial rights [which] may be noticed although they were not brought to the attention of the court." Plain error is defined as an obvious error which was not objected to by the defendant and which was "prejudicial to the defendant, and produced a substantial adverse impact on the integrity of and public confidence in the judicial process." State v. McKenzie (Jan. 28, 1993), Cuyahoga App. No. 61552, unreported, at 6-7. The plain error doctrine is recognized mostly in criminal cases and is not favored in civil cases. R.G. Real Estate Holding, Inc. v. Wagner (Apr. 24, 1998), Montgomery App. No. 16737, unreported, at 8. However, it may be applied in extremely rare civil cases that involve "exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Id.
The record demonstrates that the trial court recited the parties' stipulation as follows: "It is stipulated that both Defendants [Central Cab and Smith] were negligent, and that that negligence was the proximate cause of this automobile accident. Further stipulated that the Plaintiff wasn't negligent in any way[.]" (Emphasis added.) The jury instruction with regard to the stipulation stated in relevant part:
 So, to summarize. Consider that, since it has been conceded here that the Defendants were negligent, and that their negligence was the proximate cause of the collision, what you have to consider first then is and determine has the Plaintiff proved, by a preponderance of the evidence, that that negligence was the proximate cause of an injury or the aggravation or acceleration of one? If you find that that is true, then you will return a verdict in favor of the Plaintiff, and then you will then go on to determine again from the evidence the extent and nature of that injury, and the amount of compensation that the Plaintiff is entitled to receive. If you find that the Plaintiff has failed to prove, by a preponderance, that he suffered an injury in this accident or an aggravation or acceleration of an injury, then you should return a verdict for the Defendants[.]
Upon review of the foregoing, it is evident to this court that Central Cab only stipulated to proximately causing the accident. If appellant thought that Central Cab admitted to proximately causing his injuries, then the stipulation and the jury instruction would and should have put him on notice that his belief was in error. It is the opinion of this court that if nothing else, the jury instruction should have prompted counsel to object. In light of the stipulation on the record, we find that this case does not demonstrate exceptional circumstances where an error occurred and no objection made, thereby "seriously affect[ing] the basic fairness, integrity, or public reputation of the judicial process." McKenzie, Cuyahoga App. No. 61552, unreported, at 6-7. We further find that the trial court properly instructed the jury to decide whether Central Cab proximately caused appellant's injuries before they could decide the issue of damages. Therefore, there was no error.
After extensive review of the record and in light of all of the foregoing, we decline to substitute our judgment for that of the jury. Absent interrogatories, we cannot say that the jury verdict was against the manifest weight of the evidence. In addition, we find that there is competent and credible evidence that exists to support the jury's verdict. We therefore find that the trial court did not err in granting judgment in favor of Central Cab. Appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] The 1986 Chevrolet van was owned by a Fred Morris of Uhrichsville, Ohio. Appellant had borrowed the van to take his wife and other passengers to Kings Island Park for the day.
[2] Smith was driving a bus that had approximately forty passengers, none of whom, according to the record, have complained of any injuries. However, appellant's wife did complain of injuries resulting from the accident and obtained a settlement for her claim.
[3] Appellant originally filed a complaint on July 19, 1995, which was dismissed pursuant to Civ.R. 41(A)(1) on March 28, 1996.