OPINION
This is a consolidated appeal. Donald and Muriel Magdych (collectively referred to as "appellants") appeal the September 14, 2000 judgment on the verdict. The jury returned a verdict in their favor and awarded them $1,600 and $600, respectively. For the following reasons, we affirm the decision of the lower court.
On September 17, 1996, appellant, Donald Magdych, was involved in an automobile accident with John Bush ("appellee"). Subsequently, on September 11, 1998, appellants filed a personal injury complaint against appellee, alleging negligence and loss of service and consortium. Erie Insurance Company ("Erie"), appellants' insurer, filed a complaint for money against appellee, claiming subrogation rights for payments that it made to appellants as a result of the accident. On March 2, 1999, upon appellee's motion, appellants' case was consolidated with Erie's case.
A jury trial commenced on September 14, 2000. The jury returned a verdict in favor of appellants, awarding appellant Donald Magdych $1,600 and appellant Muriel Magdych $600 for loss of service and consortium.
On October 12, 2000, appellants filed a timely appeal. This court suasponte dismissed appellants' appeal for failure to prosecute. Subsequently, on January 19, 2001, this court granted appellants' unopposed motion to reinstate their appeal. Appellants assert one assignment of error:
 "The verdict of the jury awarding the plaintiff-appellant, Donald Magdych, $1600.00 in damages and the plaintiff-appellant, Muriel Magdych, $600.00 in damages is against the manifest weight of the evidence."
 In their sole assignment of error, appellants contend that the jury award was against the manifest weight of the evidence. Appellants argue that the only issue for the jury was the extent of damages and injuries of which they submitted $7,598.93 in medical expenses. Appellants claim that the jury's acceptance of the argument that appellant Donald Magdych's lower back pain was the result of a degenerative condition defies logic.
Briefly, it is necessary to make the following observation. Upon examination of the record, appellants submitted a partial transcript of the jury trial below. This is evident from the court reporter's acknowledgment on appellants' notice of appeal that a partial transcript was ordered. This partial transcript of the jury trial includes only the testimony of appellants Donald and Muriel Magdych and the video deposition testimony of Dr. Robert Naples. However, it is not clear from this partial transcript which witnesses, if any, were called by appellee. Although the record contains a transcript of the deposition of Dr. David A. Brys, filed on September 11, 2000, it is unclear whether Dr. Brys' video deposition was presented to the jury. Further, the record also contains plaintiffs' exhibits A through J, filed on November 21, 2000; however, it is unclear if these exhibits were moved into evidence at trial.
App.R. 9(B) mandates that "***[i]f the appellant intends to urge on appeal that a finding or conclusion is *** contrary to the weight of theevidence, the appellant shall include in the record a transcript of allevidence relevant to the findings or conclusion. ***." (Emphasis added). When an alleged error is that the trial court judgment is against the weight of the evidence or unsupported by the evidence, an appellant must include in the record all portions of the transcript relevant to the contested issue. Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7; see, also,Tyrrell v. Investment Assoc., Inc. (1984), 16 Ohio App.3d 47, paragraph two of the syllabus (requiring a transcript of all relevant evidence to a challenge that a finding or conclusion is contrary to the weight of the evidence).
In some instances, it may be proper to submit a partial transcript of a trial proceeding, provided all relevant evidence is contained therein. However, in the instant case, clearly, when reviewing a challenge that the damage award assessed by the jury is against the manifest weight of the evidence, all relevant evidence to support this contention includesall the testimony presented to the jury and the exhibits admitted into evidence. Appellants submitted a transcript of only their witnesses. Further, there is no indication that plaintiffs' exhibits A through J were moved into evidence. When portions of a transcript necessary for resolution of an assigned error are omitted from the record, a reviewing court has nothing to pass upon and has no choice but to presume the validity of the lower court's proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
Nonetheless, in the case before us, both appellants and appellee acknowledged in their appellate briefs that the video deposition testimony of Dr. Brys was presented to the jury. Appellee does not take issue with this point. A transcript of Dr. Brys' deposition is included in the record before us since it was filed on September 11, 2000. Further, the record also contains plaintiffs' exhibits A through J, filed on November 21, 2000. Appellee does not raise an argument as to the fact that plaintiffs' exhibits A through J were admitted into evidence. As such, in the interest of justice, we will address the merits of appellants' sole assignment of error, which asserts that the jury award was against the manifest weight of the evidence.
To set aside a jury award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the jury verdict is so disproportionate as to shock reasonable sensibilities and indicates that the jury lost its way in assessing compensatory damages.Wigglesworth v. St. Joseph Riverside Hosp. (Apr. 27, 2001), Trumbull App. No. 99-T-0064, unreported, 2001 Ohio App. LEXIS 1939, citing Baileyv. Allberry (1993), 88 Ohio App.3d 432, 437. In an action for damages for personal injury, a jury verdict should not be set aside unless the damages awarded are so excessive or so inadequate as to appear to have been awarded as a result of passion or prejudice. Litchfield v. Morris
(1985), 25 Ohio App.3d 42, syllabus. In the absence of prejudice, neither a reviewing court nor the trial court can substitute its judgment for that of the jury in the area of damages in a personal injury case.Id. at 44.
In the case sub judice, the record is devoid of any evidence that the jury was influenced by passion or prejudice. The jury verdict is not so disproportionate as to shock reasonable sensibilities, nor does it indicate that the jury lost its way in assessing compensatory damages. As such, neither this court nor the trial court can substitute its judgment for that of the jury in the area of damages in this personal injury case.
Appellants submitted numerous exhibits pertaining to appellant Donald Magdych's medical expenses as a result of the automobile accident on September 17, 1996. These exhibits included expenses for muscle stimulation, hot packs, epidural shots, an MRI, physicians' office visits, a hospital stay, laboratory work, and medications. However, appellee presented evidence that can be viewed as unfavorable to appellants' claim of the medical expenses that he alleged that he incurred as a result of the accident.
For instance, although appellant testified that he never had back problems before, he did acknowledge that he went to a chiropractor on occasion since he was used to physical work in the construction business. Appellant Donald Magdych also testified that, as a result of the accident, he developed high blood pressure and diabetes due to the epidural shots. Appellant stated that he was taking high blood pressure medication in 1997; however, he also acknowledged that in 1997, he was involved in two lawsuits pertaining to his company.
Moreover, Dr. Naples testified that appellant Donald Magdych's MRI, performed three months after the accident, showed either a calcification to a disc or the formation of an osteophyte or bony spur to appellant's vertebra. Dr. Naples testified that such conditions can result from trauma, the natural deterioration of one's body as it ages, or can be aggravated by an outside factor. On the other hand, Dr. Brys testified that appellant's low back complaints were not a result of the accident. Dr. Brys stated that appellant's medical records did not show the complaint of low back pain until December 4, 1996. Dr. Brys further stated that osteophytes are formed as people age and take years to develop. Dr. Brys indicated that the MRI report showed some calcified disc material; however, this was there for years since calcification is a long-standing process. Finally, Dr. Brys stated that appellant's diagnosis of osteophytes and spinal stenosis were not a direct and proximate result of the accident.
As such, we cannot say that the jury award was influenced by passion or prejudice. The jury award is not against the manifest weight of the evidence. Appellants' sole assignment of error is without merit.
Based upon the foregoing reasons, appellants' sole assignment of error is overruled. The judgment of the Trumbull County Court of Common Pleas is affirmed.
JUDGE DIANE V. GRENDELL, FORD, P.J., NADER, J., concur.