[Cite as *Mead v. London Corr. Inst.*, 2011-Ohio-6943.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS M. MEAD

    Plaintiff

    v.

LONDON CORRECTIONAL INSTITUTION

    Defendant

Case No. 2011-07605-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1} Plaintiff, Thomas Mead, an inmate incarcerated at defendant's London Correctional Institution (LoCI) alleges his property was confiscated and lost subsequent to a shakedown search at his work assignment area on May 14, 2011.

{¶2} Plaintiff alleges that his loss consisted of twenty-five music tapes valued at $375.00, one Casio calculator-$15.99, one small bag of coffee-$2.51, and one jar of peanut butter-$1.87. During the internal grievance process, plaintiff provided a credible witness statement from the coordinator of the job assignment area, Mr. Fitzgerald, who confirmed that plaintiff possessed an unknown quantity of cassettes tapes and the other missing property items at the time of the shakedown. However, plaintiff did not submit any evidence other than his own assertions to establish the value of his lost property. In addition, plaintiff did not establish how recently had purchased the commissary items and he admitted that he had the tapes for at least ten years.

{¶3} Plaintiff asserted his property was lost or destroyed as a proximate result of negligence on the part of LoCI personnel and he has consequently filed this

complaint seeking damages in the amount of $395.37, the estimated replacement value of the property. Payment of the filing fee was waived.

{¶4} Defendant admitted liability for the loss of one calculator, one bag of coffee, and one jar of peanut butter. Defendant argued that plaintiff failed to prove the number of cassettes that he owned prior to the shakedown. In addition, defendant contended plaintiff was not permitted to possess more than fifteen cassette tapes pursuant to internal policies and regulations. Accordingly, defendant admitted liability for the loss of fifteen cassette tapes.

{¶5} Defendant contended that the "value of cassette tapes is very minimal due to age and outdating of the tapes." As such, defendant deferred to the court to establish the reasonable value of the property for which defendant admits liability.

{¶6} Plaintiff filed a response stating that he can no longer purchase cassette tapes and that he is limited to the purchase of compact discs which cost between $15.00 and $21.00 each. Plaintiff contended that he is entitled to $304.62, "as reasonable replacement value" for his lost property.

CONCLUSIONS OF LAW

{¶7} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶8} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶9} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶10} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable

attempts to protect, or recover" such property.

{¶11} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶12} Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶13} In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶14} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds plaintiff's assertions credible regarding the loss of fifteen cassette tapes, one calculator, one bag of coffee, and a jar of peanut butter.

{¶15} Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after the shakedown search. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD, jud.

{¶16} The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶17} As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶18} Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of

certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶19} Evidence has shown plaintiff's cassette tapes were at least ten years  old when the incident forming the basis of this claim occurred.  Plaintiff did not provide sufficient  evidence to establish the value of his missing property amounted to $395.37 as alleged in the complaint.  Based on the fact the tapes constituted depreciable property, and some portion of the commissary items had most likely been consumed by plaintiff, the court finds plaintiff has suffered damages in the total amount of $60.00.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS M. MEAD

    Plaintiff

    v.

LONDON CORRECTIONAL INSTITUTION

    Defendant

Case No. 2011-07605-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE
DETERMINATION</u>

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $60.00.  Court costs are assessed against defendant.

                                       DANIEL R. BORCHERT
                                       Deputy Clerk

Entry cc:

| | |
|---|---|
| Thomas M. Mead, #A286-973 | Gregory C. Trout, Chief Counsel |
| 1580 State Route 56 | Department of Rehabilitation |
| P.O. Box 69 | and Correction |
| London, Ohio  43140 | 770 West Broad Street |
| | Columbus, Ohio  43222 |

SJM/laa

8/24
Filed 8/26/11
Sent to S.C. reporter 1/19/12