[Cite as *Maag v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-7021.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS J. MAAG

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

    Defendant

Case No. 2011-09209-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

### FINDINGS OF FACT

{¶ 1} On February 15, 2011, plaintiff, Thomas Maag, an inmate formerly incarcerated at defendant's Toledo Correctional Institution (ToCI), was transferred from ToCI to Allen Correctional Institution (ACI).

{¶ 2} Plaintiff's personal property was inventoried, packed, and delivered into the custody of ToCI staff incident to his transfer. Plaintiff recalled that when he regained possession of his property at ACI he discovered that his television set was missing.

{¶ 3} Plaintiff asserted his property was lost or destroyed as a proximate result of negligence on the part of ToCI personnel and he has consequently filed this complaint seeking damages in the amount of $201.00, which includes $193.90 to replace the television set and $7.50 to purchase the corresponding remote control. Payment of the filing fee was waived.

{¶ 4} Plaintiff submitted a copy of his "Inmate Property Record" compiled on

February 15, 2011, when his property was packed incident to his transfer. Items listed relevant to this claim are one RCA television set. In addition, plaintiff included a copy of the inmate property record compiled at ACI on February 15, 2011. The ACI record lists the following notation: "Inmate states that he had an RCA T.V. Didn't come with property."

{¶ 5}   In the investigation report defendant noted that "[d]efendant admits liability for the claim * * * Plaintiff's television was lost by an agent of Defendant who was driving a state vehicle at the time." Defendant deferred to the court to establish the reasonable value of the property for which defendant admits liability.

{¶ 6}   Plaintiff filed a response insisting that he is entitled to all damages claimed. Plaintiff pointed out that the television was twenty-three months old, as opposed to defendant's contention that the television was two and one-half years old at the time it was lost. In addition, plaintiff contended that he was entitled to full replacement value inasmuch as defendant requires inmates to pay full replacement value for any state issue property that is lost or damaged by an inmate.

CONCLUSIONS OF LAW

{¶ 7}   In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 8} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 9} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 10}     This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable

attempts to protect, or recover" such property.

{¶ 11}    Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after he was transferred.  *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD, jud.

{¶ 12}    The standard measure of damages for personal property loss is market value.  *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 13}    As trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 14}    Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 15}    Evidence has shown plaintiff's television set was nearly two years old when the incident forming the basis of this claim occurred.  Based on the fact the television  constituted depreciable property, the court finds plaintiff has suffered damages in the total amount of $125.00.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS J. MAAG

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

     Defendant

Case No. 2011-09209-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $125.00.  Court costs are assessed against defendant.

          DANIEL R. BORCHERT
          Deputy Clerk

Entry cc:

Thomas J. Maag, #456-235        Gregory C. Trout, Chief Counsel
2338 W. North Street           Department of Rehabilitation
Lima, Ohio  45802            and Correction
                         770 West Broad Street
                         Columbus, Ohio  43222

10/12
Filed 10/25/12
Sent to S.C. reporter 3/13/12