[Cite as *Morris v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-7016.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KENNETH MORRIS

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

    Defendant

Case No. 2011-02646-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

### FINDINGS OF FACT

{¶1} On October 21, 2010, plaintiff, Kenneth Morris, an inmate formerly incarcerated at defendant's Hocking Correctional Facility (HCF) was transferred from the general population to a segregation unit at approximately 1:30 p.m.

{¶2} Plaintiff's personal property was packed and delivered into the custody of HCF staff incident to the transfer. Plaintiff alleges that when he was released from segregation, some of his property items were missing. Plaintiff listed the following items as missing: two pair of scissors ($2.40), one Sentry AM/FM cassette player ($20.95), one TV headphones splitter ($4.42), one RC cola ($.51), one toenail clipper ($1.02), and one fingernail clipper ($.77).

{¶3} Plaintiff asserted his property was lost or destroyed as a proximate result of negligence on the part of HCF personnel and he has consequently filed this complaint seeking damages in the amount of $30.07, the estimated replacement value of the property. Payment of the filing fee was waived.

{¶4} Plaintiff submitted an inmate property record dated October 21, 2010, which lists a Sentry cassette player and two headphones, but does not indicate that any

scissors, cola, or nail clippers were located during the pack-up process.

{¶5} In the investigation report defendant admitted "liability for the loss of the cassette player and headphone splitter for a total of $25.37." The defendant specifically denied liability for the other items listed by plaintiff.

{¶6} Plaintiff did not file a response.

## CONCLUSIONS OF LAW

{¶7} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶8} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶9} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶10} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶11} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶12} Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶13} In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, to any

essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶14} Plaintiff's failure to prove delivery of the scissors, nail clippers and cola to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶15} Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after he was transferred. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD, jud.

{¶16} The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶17} As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶18} Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶19} Upon review of all the evidence submitted, the court finds plaintiff has suffered damages in the amount of $25.37.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KENNETH MORRIS

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

    Defendant

Case No. 2011-02646-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $25.37. Court costs are assessed against defendant.

                        DANIEL R. BORCHERT
                        Deputy Clerk

Entry cc:

Kenneth Morris, #348-177
16759 Snake Hollow Road
P.O. Box 59
Nelsonville, Ohio 45764

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

10/20
Filed 10/25/11
Sent to S.C. reporter 3/13/12