[Cite as *Trawick v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-3222.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARQUET TRAWICK

    Plaintiff

    v.

OHIO DEPT. OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2011-12749-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1} Plaintiff, Marquet Trawick, an inmate formerly incarcerated at defendant's Lebanon Correctional Institution (LeCI), asserted that he arrived at LeCI on April 29, 2011, and that his Sony AM/FM radio was withheld until it was "inscribed and titled" by LeCI's personnel. Then on May 15, 2011, Corrections Officer Collins confiscated plaintiff's radio as contraband and destroyed it before plaintiff was granted a hearing in order to prove he owned the item at issue. According to plaintiff, LeCI staff destroyed his radio prematurely and without authority.

{¶2} Plaintiff filed this complaint seeking to recover $45.65, the estimated replacement value of the destroyed radio, as well as reimbursement for the cost of postage and copying fees.[1] Payment of the filing fee was waived.

{¶3} Defendant filed an investigation report asserting that plaintiff's radio was

---

[1]Postage and copying expenses are not compensable in a claim of this type. To the extent plaintiff seeks to include these costs in the original and amended complaints, the request is denied and shall not be further addressed. See *Lamb v. Chillicothe Corr. Inst.* Ct. of Cl. No. 2004-01788-AD, 2004-Ohio-1841, citing *Hamman v. Witherstine* (1969), 20 Ohio Misc. 77, 49 O.O. 2d 126, 252 N.E.2d 196.

confiscated "because the engraving was scratched off and the serial number did not match the serial number on Plaintiff's title." Defendant admitted that the hearing officer found plaintiff "not guilty on the contraband ticket." Nonetheless, defendant refused to reimburse plaintiff for the destroyed radio because he "was unable to provide any proof of purchase." Defendant asserted that the radio was properly confiscated pursuant to Ohio Adm. Code 5120-9-55, in that plaintiff "could not prove ownership of the item." Defendant contended that the radio was destroyed "as allowed in the Administrative Rule."[2]

{¶4} Defendant submitted a report from the LeCI inspector, Dan Hudson, dated January 25, 2012. In this report, Hudson related that "Inmate Trawick states [his radio] was prematurely destroyed and was never recorded as contraband per policy which allows 30 days pending the outcome of a hearing. * * * During the investigation of his complaint Mr. Large (Commissary Manager), Officer Marinich (Vault Officer), Officer

---

[2] Ohio Adm. Code 5120-9-55 states, in part:

"(A) There shall be two classes of contraband as defined in this rule. Contraband shall be classified as 'major' or 'minor' contraband. This distinction shall determine the method or manner of disposition of such contraband.

"(1) 'Major contraband,' as used in this rule, shall refer to items possessed by an inmate which, by their nature, use, or intended use, pose a threat to security or safety of inmates, staff or public, or disrupt the orderly operation of the facility. * * *

"(2) 'Minor contraband,' as used in this rule, shall refer to items possessed by an inmate without permission and:

"(a) The location in which these items are discovered is improper; or

"(b) The quantities in which an allowable item is possessed is prohibited; or

"(c) The manner or method by which the item is obtained was improper; or

"(d) An allowable item is possessed by an inmate in an altered form or condition.

"* * *

"(C) Disposition of contraband: any item considered contraband under this rule may be confiscated.

"(1) Minor contraband.

"(a) When appropriate, such items should be returned to their proper locations or to their original owners. However, if the item came into the inmate's possession through a violation of the rules by the original owner, such item may not be returned to the owner, if the original owner is an inmate.

"(b) Minor contraband received in the mail may be returned to the sender if the inmate agrees to pay postage costs.

"(c) Minor contraband, valued at one hundred dollars or less, may, thirty days after confiscation, be destroyed, donated, or utilized by the institution for training or other official purposes by the order of the warden when the institution has attempted to contact or identify the owner of the personal property and those attempts have been unsuccessful or the inmate who owns the personal property agrees in writing to the disposal of the property in question.

"(d) Minor contraband, valued at over one hundred dollars, which may not be returned to the original owner if either an inmate or unknown and may not be returned to sender, may be destroyed or utilized by the institution for training or other official purposes upon the issuance of an order of forfeiture by the court of common pleas in the county in which the institution is located. The warden may file a petition for forfeiture with the court, asking the order be issued. The petition shall attach a list of the property involved and shall state briefly why the property cannot be returned."

Proffit (Package Room Officer), and Officer Collins were interviewed and all relevant information was reviewed. Officer Collins stated the radio he confiscated from Inmate Trawick had the engraving scratched off and the serial number on the radio did not match the serial number on his title. * * * Officer Marinich stated the radio confiscated from Inmate Trawick was not the radio issued to him when he arrived at LeCI. Officer Marinich stated the engraving was altered and it was not identifiable. Mr. Large stated according to Inmate Trawick's commissary file he shopped eight times while incarcerated at Lorain. * * * Mr. Large stated he could not find any receipt in which Inmate Trawick ordered a Sony radio at Lorain." Hudson also stated that "[t]he Chief Inspector's office modified this writer's decision on September 22, 2011. After a supplemental decision was submitted on October 5, 2010 [sic] the Chief Inspector's Office affirmed the decision on December 1, 2010 [sic]." Defendant did not submit copies of the inspector's supplemental report or the Chief Inspector's decisions.

{¶5} Plaintiff filed a response on February 29, 2012, stating that he has valid proof of ownership. Plaintiff submitted a LeCI Certificate of Ownership for a Sony Walkman radio dated May 3, 2011. Plaintiff maintained that a certificate of title "supercedes any and all receipt/bill of sales." Plaintiff submitted copies of the conduct report, the informal complaint resolution form, and the disposition of grievance wherein the institutional inspector determined there was insufficient evidence to substantiate plaintiff's claim. Plaintiff included a copy of the initial Chief Inspector's decision which modified the decision of the institutional inspector to request an additional response. Specifically, the Chief Inspector stated that plaintiff had submitted his "grievance appeal along with a Conduct Report dated May 15, 2011 and Notification of Action by Hearing Officer dated May 19, 2011." The Chief Inspector determined that the "information supplied to this office does not agree with the Inspector's disposition. Therefore, I am asking you to show the Inspector copies of the documents sent to this office for his [sic] to review to determine if a correction is needed to his disposition." Thus, plaintiff was advised to seek a review of his grievance from the LeCI inspector. The Chief Inspector concluded with the statement "[t]his office will accept the findings of the Inspector regarding this matter."

{¶6} Plaintiff did not submit a copy of the hearing officer's May 19, 2011 disposition with his response, nor did he present any additional information regarding

the LeCI inspector's review or the Chief Inspector's subsequent December 1, 2011 decision referenced by defendant.

CONCLUSIONS OF LAW

{¶7} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶8} An inmate maintains no right of ownership in property which is impermissibly altered and therefore, has no right to recovery when the altered property is lost or destroyed. *Watley v. Ohio Department of Rehabilitation and Correction*, Ct. of Cl. No. 2005-05183-AD, jud, 2005-Ohio-4320; *Watson v. Ohio State Penitentiary*, Ct. of Cl. No. 2007-05229-AD, 2008-Ohio-2848. The trier of fact does not find defendant's assertions particularly persuasive in respect to plaintiff's radio having been impermissibly altered.

{¶9} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant claim the court finds the assertions of plaintiff to be persuasive in regard to plaintiff being the rightful owner of the confiscated radio.

{¶10} Plaintiff has no right to pursue a claim for confiscated, stolen, or lost property in which he cannot prove any right of ownership. *DeLong v. Department of Rehabilitation and Correction* (1988), 88-06000-AD. The issue of ownership of property is determined by the trier of fact based on evidence presented. *Petition for Forfeiture of 1978 Kenworth Tractor v. Mayle* (Sept. 24, 1993), Carroll App. No. 605. The trier of fact, in the instant action, finds sufficient documentation has been submitted to support the claim of ownership.

{¶11} It has been previously held an inmate plaintiff may recover the value of confiscated property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction. *Berg v. Belmont Correctional Institution* (1998), 97-09261-AD; *Wooden v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2004-01958-AD, 2004-Ohio-4820.

{¶12} Plaintiff has offered sufficient proof to establish he owned a Sony Walkman radio. Negligence on the part of defendant has been shown in respect to the destruction of plaintiff's radio. *Hemsley v. N. Cent. Correctional Inst.*, Ct. of Cl. No. 2005-03946-AD, 2005-Ohio-4613; *Mayfield v. Richland Correctional Inst.*, Ct. of Cl. No. 2005-07976-AD, 2006-Ohio-358, *Brunner v. North Central. Corr. Inst.*, Ct. of Cl. No. 2006-08020-AD, 2007-Ohio-6386.

{¶13} The assessment of damages is a matter within the province of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462.

{¶14} As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶15} Evidence has shown plaintiff's radio was more than two years old when the incident forming the basis of this claim occurred. Based on the fact the radio constituted depreciable property, the court finds plaintiff has suffered damages in the total amount of $30.00.



# Court of Claims of Ohio

MARQUET TRAWICK

    Plaintiff

    v.

OHIO DEPT. OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2011-12749-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $30.00.  Court costs are assessed against defendant.

        DANIEL R. BORCHERT
        Deputy Clerk

Entry cc:

Marquet Trawick, #563-071
P.O. Box 901
Leavittsburg, Ohio 44430

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

011

Filed 3/30/12
sent to S.C. Reporter 7/17/12