[Cite as *Ries v. Mansfield Corr. Inst.*, 2012-Ohio-3241.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID J. RIES

    Plaintiff

    v.

MANSFIELD CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2011-13184-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1} Plaintiff, David Ries, an inmate formerly incarcerated at defendant Mansfield Correctional Institution (ManCI), filed this action alleging that his Timberland boots, fan, Sony CD player, Sony digital radio, five music CDs, a lamp, and a set of Koss headphones were stolen as a proximate result of negligence on the part of ManCI staff in failing to protect the property. Plaintiff related that, "[d]uring the week of 2-18-10-2-19-10 my cellie inmate Cole #534-618 made several attempts to break into my locker box and steal my property." Plaintiff claimed that he notified defendant's Corrections Officer (CO) Scott who, in turn, informed Lieutenant Reece of the matter. Nonetheless, plaintiff pointed out that "Lt. Reece did not move me or inmate Cole." According to plaintiff, on February 19, 2010, "my cellie finally broke the lock on my box and stole my property." Plaintiff maintained he immediately reported the theft to the CO and to the sergeant on duty. According to plaintiff, a theft/loss report was not completed until Lieutenant Daulby arrived on the unit at 7:00 p.m. that day, and no search was

Case No. 2006-03532-AD          - 2 -          MEMORANDUM DECISION

conducted.  Indeed, plaintiff insisted a search was not conducted even after he notified CO Scott of the situation February 21, 2010. Plaintiff contended that Cole's belongings were finally searched on February 22, 2010, and that the delay in searching for his missing property allowed inmate Cole time to sell or otherwise dispose of the stolen goods.

{¶2}    Plaintiff requested damages of $291.59, the estimated replacement value of the above-listed property items.  The $25.00 filing fee was paid.

{¶3}    Defendant denied all liability in this matter.  Defendant asserted that "[t]he ManCI Inspector indicates that corrections officer Marvinetta Scott investigated the reported theft on February 19, 2010 and completed her report of February 21, 2010.[1] Thus defendant maintained that "the institution took action the day Inmate Ries reported the theft."  Finally, defendant concluded that plaintiff failed to prove that defendant "did not make reasonable attempts to protect and/or recover his property."

{¶4}    Defendant submitted a copy of the conduct report issued to Inmate Cole. The report notes that the offense occurred at 1:00 p.m. on February 19, 2010.  Cole

---

[1] The theft /loss report compiled by CO Scott indicates the February 19, 2010 investigation was performed by an "unknown" staff member working the first shift on February 19, 2010.

was charged with threatening bodily harm to another, being out of place, stealing, and receiving stolen property. The facts as reported by Lieutenant Dahlby are as follows: "between 8:15 am and 1:00 pm, Inmate Cole was the sole occupant of cell 130 in unit 4B. During that time Inmate Cole's cell-mate had a substantial amount of his property stolen from the cell. No property of Inmate Coles was missing. Two Inmates from 4B informed me that Inmate Cole told them he had taken his cellie's property and couldn't give it back because he had taken the items to the north side of the compound. * * * Inmate Cole's whereabouts was unknown for several hours, I found Inmate Cole near the clinic at approximately 7:45 pm."

{¶5} Plaintiff filed a response asserting that CO Scott did not work on 4B on February 19, 2010. In addition, plaintiff insisted that no search was conducted inasmuch as Inmate Cole was not detained for over six hours after the theft occurred.

{¶6} The theft/ loss report compiled by CO Scott on February 21, 2010, confirms that the theft occurred on February 19, 2010; however, the trier of fact finds there is no credible evidence that a search was conducted at the time the loss was reported.

CONCLUSIONS OF LAW

{¶7} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶8} "Whether a duty is breached and whether the breach proximately caused an

Case No. 2006-03532-AD          - 4 -          MEMORANDUM DECISION

injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶9} Although not strictly responsible for a prisoner's property defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶10}     This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶11}     Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶12}     Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985),

85-01546-AD.

{¶13}    The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  The court finds plaintiff's assertions persuasive regarding his claims of property loss and the lack of any meaningful search for his missing items.

{¶14}    The allegation that a theft may have occurred is insufficient to show defendant's negligence.  *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425.  Plaintiff must show defendant breached a duty of ordinary or reasonable care.  *Williams*.

{¶15}    Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent.  *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶16}    Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft.  *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶17}    However, a search is not always necessary.  In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff.  The items plaintiff

Case No. 2006-03532-AD        - 6 -        MEMORANDUM DECISION

listed in the complaint as stolen were distinguishable and consequently, defendant had a duty to search for the reported stolen property.

{¶18}    Plaintiff has proven, by a preponderance of the evidence, that defendant was negligent in respect to making any attempts to recover distinguishable stolen property.  See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207; *Frazier v. Lebanon Corr. Inst.*, Ct. of Cl. No. 2010-06371-AD, 2010-Ohio-6644*.*

{¶19}    As the trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶20}    Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶21}    Plaintiff has suffered damages in the amount of $291.59, plus the $25.00 filing fee which may be awarded as compensable costs pursuant to R.C.

2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

Case No. 2006-03532-AD  - 8 -  MEMORANDUM DECISION




# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


DAVID J. RIES

 Plaintiff

 v.

MANSFIELD CORRECTIONAL INSTITUTION

 Defendant

 Case No. 2011-13184-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $316.59, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

David J. Ries, #551-909
P.O. Box 901
Leavittsburg, Ohio 44430

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

011
Filed 4/5/12
sent to S.C. Reporter 7/18/12