[Cite as *Chavis v. S. Ohio Corr. Facility*, 2011-Ohio-7053.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEREMY L. CHAVIS

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY

    Defendant

    Case No. 2010-11927-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1} On May 21, 2009, plaintiff, Jeremy Chavis, an inmate formerly incarcerated at defendant's Ross Correctional Institution (RCI), was transferred from RCI to the Southern Ohio Correctional Facility (SOCF). Plaintiff's personal property was inventoried, packed, and delivered into the custody of RCI and then SOCF staff incident to this transfer. Plaintiff stated that he was "placed in (4-B) for (1) year." Plaintiff claimed that all of his property that he had packed at RCI was placed in long term storage at SOCF. Plaintiff related that he authorized the destruction of a fan, a pair of Koss headphones, a pair of gloves, and one sweat suit on June 9, 2009. Plaintiff also asserted that his Sony Walkman cassette player was improperly confiscated and that he never received a conduct report after the item was taken from him.

{¶2} Plaintiff recalled he regained possession of his property on May 25, 2010, and discovered several items were missing. According to plaintiff, Corrections Officer (CO) June demanded plaintiff sign a form attesting that he had received all of his property before plaintiff was allowed to examine the property items returned to him. In

addition, plaintiff claimed that his Timberland boots were supposed to be held in long-term storage with the rest of his property but that they were not listed on the long-term storage sheet. Plaintiff asserted his property was lost or destroyed as a proximate result of negligence on the part of SOCF personnel.

{¶3} Plaintiff claimed the following items were missing: one television remote ($12.31), one blue velour blanket ($29.50), one thermal bottom ($6.13), two thermal tops ($12.26), one coaxial cable ($2.57), one Sony Walkman cassette player ($38.70), one pair blue sweat pants ($16.08), one blue sweat shirt ($14.05), one alarm clock ($8.03), one beard trimmer ($23.74), two blue t-shirts ($21.50), four blue bath towels ($32.24), one lamp ($10.11), and one pair of Timberland boots ($80.25). Consequently, plaintiff filed this complaint seeking damages in the amount of $307.47, the estimated replacement value of the property. The filing fee was paid.

{¶4} Plaintiff filed two witness statements with his complaint. These witnesses aver that they have never seen the missing property in plaintiff's possession. Plaintiff also submitted a copy of his "Inmate Property Record" compiled on May 20, 2009, when his property was packed incident to his transfer. Items listed relevant to this claim are one television remote, one blue blanket, one thermal bottom, two thermal tops, one coaxial cable, one Sony Walkman cassette player, two pair sweat pants, two sweat shirts, one clock, one trimmers, five t-shirts, four blue towels, one lamp, one pair "Tim" boots. Plaintiff also submitted a May 21, 2009 inventory compiled at SOCF. Items relevant to this claim are one television remote, one blanket, two thermal bottoms, two thermal tops, one coaxial cable, one Sony Walkman cassette player, two pair sweat pants, one clock, one clippers, five t-shirts, one lamp, one pair work boots. The four blue towels and two sweat shirts packed at RCI were not listed on the SOCF inventory form.[1] Plaintiff submitted various receipts documenting he purchased two blue bath towels for $4.76 each on April 11, 2006, and three blue bath towels for $8.06 each on July 18, 2007. There are no other receipts in reference to the purchase of bath towels. In addition, plaintiff documented that he purchased a sweat shirt for $14.05 on September 16, 2008.

{¶5} In the investigation report defendant noted that plaintiff was received at

---

[1] The court notes that plaintiff authorized the destruction of one of the sweat shirts on June 9, 2009.

SOCF and immediately placed on 4B, which restricts the amount and type of property an inmate may possess. Defendant explained that "plaintiff's property was then sorted and property he was permitted in level 4B status was delivered to him. Property that the plaintiff would be allowed to possess when released to Level 4A (SOCF general population) was stored in the property vault. Property that was not permissible at SOCF, but might be permissible at a lower security level was placed in long term storage (LTS)." According to defendant, all of plaintiff's claims have been investigated and the institutional inspector has determined that plaintiff's Timberline boots are in long-term storage. In addition, defendant's employees denied confiscating plaintiff's Sony cassette player and suggested that since plaintiff had a history of lending the item to other inmates, it most likely had been taken by another inmate. Defendant noted that plaintiff had signed the inventory on May 25, 2010, attesting that all of the listed property had been returned to him. Defendant submitted a copy of the inventory sheet signed by plaintiff on May 25, 2010. Thus, defendant concluded that all of plaintiff's property delivered into the custody of defendant's employees had been accounted for with the exception of four blue towels. Thus, defendant admitted liability for the loss of four towels.

{¶6} Plaintiff filed a response essentially reiterating the allegations asserted in the complaint.

## CONCLUSIONS OF LAW

{¶7} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶8} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶9} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.

*Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶10}     This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶11}     Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶12}     Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶13}     In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶14}     The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly credible in reference to the actions attributed to CO June or that plaintiff's cassette player was confiscated improperly.

{¶15}     Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after he was transferred; specifically defendant is liable for the loss of one sweat shirt and four bath towels. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD, jud.

{¶16}     The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶17}     As trier of fact, this court has the power to award reasonable damages

based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶18}     Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶19}     Upon review of all the evidence submitted, the court finds plaintiff has suffered damages in the amount of $42.99, plus  the $25.00 filing fee, which may be reimbursed as compensable damages pursuant to the holding in *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEREMY L. CHAVIS

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY

    Defendant

    Case No. 2010-11927-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $67.99, which includes the filing fee. Court costs are assessed against defendant.

        DANIEL R. BORCHERT
        Deputy Clerk

Entry cc:

Jeremy L. Chavis, #508-608        Gregory C. Trout, Chief Counsel
P.O. Box 788                  Department of Rehabilitation
Mansfield, Ohio  44901          and Correction
                         770 West Broad Street

Columbus, Ohio  43222

SJM/laa
10/28
Filed 11/3/11
Sent to S.C. reporter 3/30/12