[Cite as *Whigham v. Richland Corr. Inst.*, 2012-Ohio-3217.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FREDERICK WHIGHAM

   Plaintiff

   v.

RICHLAND CORRECTIONAL INST.

   Defendant

   Case No. 2011-10991-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

### FINDINGS OF FACT

{¶1}   On November 2, 2010, plaintiff, Frederick Whigham, an inmate formerly incarcerated at Lorain Correctional Institution (LorCI), was transferred from LorCI to defendant's Richland Correctional Institution (RiCI).

{¶2}   Plaintiff's personal property was inventoried, packed, and delivered into the custody of LorCI staff incident to his transfer.  Plaintiff recalled when he and the other inmates arrived at RiCI, they discovered that paper bags containing property of some inmates had broken open during the transport.

{¶3}   Plaintiff claimed Corrections Officer (CO) Smith ordered inmates to empty the baggage from the storage area on the transport bus and to carry the paper bags into the facility where they were placed on the floor.  Institutional Inspector Rose was notified of the incident, came to the receiving area, and photographed the damage.  According to plaintiff, the following items were missing from his paper bag: one ten-pack of razors, four embossed envelopes, one shampoo, one lotion, designer reading glasses, and four soups.  Plaintiff asserted his property was lost or stolen as a proximate result of

{¶4} negligence on the part of either LorCI or RiCI personnel and he has consequently filed this complaint seeking damages in the amount of $182.89, the estimated value of the alleged missing property. Payment of the filing fee was waived.

{¶5} Plaintiff submitted a copy of his "Inmate Property Record" compiled on November 2, 2010, when his property was packed incident to his transfer. Items listed relevant to this claim are one pair reading glasses, four stamped envelopes, two lotions, fourteen razors, one shampoo, and four soups. Plaintiff also submitted a LorCI commissary receipt dated October 19, 2010, listing the following relevant purchases: lotion ($1.75), razors ($1.60), and soup ($.25/each).

{¶6} In the investigation report defendant noted that "[d]efendant admits liability for $4.35 for 4 soups, 1 lotion, and a pack of razors * * * . There is no evidence that Plaintiff lost designer eyeglasses as indicated in the Complaint." Defendant submitted a report prepared by the RiCI Institutional Inspector, Kelly Rose, who explained that when he arrived at the scene on November 2, 2010, he photographed the broken bags and the property items spilling forth. He pointed out that the paper bags usually held small value items such as hygiene products or foodstuffs. More expensive items, such as eyeglasses, would be packed in sturdier cardboard containers. Inspector Rose noted that plaintiff did not complain about the missing eyeglasses until January 12, 2011. In addition, Inspector Rose asserted plaintiff failed to submit documentation verifying he "legitimately owned private prescription glasses" nor did he establish the claimed value of the alleged missing eyeglasses. Finally, defendant indicated plaintiff received state issue eyeglasses on March 7, 2011.

{¶7} Plaintiff filed a response acknowledging that he could not prove he owned a pair of designer eyeglasses; however, he did establish that he possessed a pair of reading glasses on November 2, 2010. Plaintiff maintained that the eyeglasses were lost as a result of defendant's negligence and he requested the court "determine a fair market value for his prescription reading glasses." Plaintiff further admits that he received state issued eyeglasses in March 2011.

## CONCLUSIONS OF LAW

{¶8} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products,*

*Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶9} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶10} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶11} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶12} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶13} Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶14} In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶15} Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068. Plaintiff failed to prove that defendant actually exercised control over designer eyeglasses.

{¶16} Plaintiff's failure to prove delivery of his alleged missing property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and*

*Correction* (1987), 86-02821-AD.

{¶17}    The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  The court does not find plaintiff's assertions credible that he suffered the loss of  stamped envelopes, shampoo, or a pair of prescription reading glasses, regardless of their design or value.

{¶18}    Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after he was transferred.  *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD, jud.

{¶19}    The standard measure of damages for personal property loss is market value.  *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶20}    As trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶21}    Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶22}    Upon review of all the evidence submitted, the court finds plaintiff has suffered damages in the amount of $4.35.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FREDERICK WHIGHAM

    Plaintiff

    v.

RICHLAND CORRECTIONAL INST.

    Defendant

    Case No. 2011-10991-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $4.35. Court costs are assessed against defendant.


            DANIEL R. BORCHERT
            Deputy Clerk

Entry cc:

Frederick Whigham, #A591-763          Gregory C. Trout, Chief Counsel
P.O. Box 8107                         Department of Rehabilitation
Mansfield, Ohio 44901-8107           and Correction
                           770 West Broad Street
                           Columbus, Ohio 43222

011
Filed 3/27/12
sent to S.C. Reporter 7/17/12