

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MATT MASON

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2012-08753-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶1} 1) On December 17, 2013, plaintiff, Matt Mason, an inmate, filed a complaint against defendant, Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff related that on August 3, 2012 at approximately 5:15 a.m., he was escorted to segregation by a Correctional Officer ("C.O."). Plaintiff asserted that he was not allowed to pack his personal property and his property was secured with four locks. Locks secured "his foot locker, his extra legal locker, his cabinet, and all of his appliance . . . cords." After he was taken to segregation, defendant's staff "used bolt cutters to cut off all four of plaintiff's combination locks, dumped his property out of (the) locker box into a bag, and left the bag unattended." Plaintiff reported his personal property was stolen.

{¶2} 2) Plaintiff contends the following property items were stolen due to defendant's failure to protect his property: "4 combination locks; 1 headphone extension; 1 Sony earbuds; 1 calculator; clock w/battery; 1 pr. tweezers; 4 new pairs

commissary socks; 1 bath powder; 1 deodorant; 1 shampoo; 1 toothpaste; 1 box sugar; 2 refried beans; 3 summer sausages (all new); 1 lamp with bulb; a pr. $12.00 wool winter socks, other miscellaneous items, including 1 surge protector." Plaintiff seeks damages in the amount of $172.38. Plaintiff submitted the $25.00 filing fee.

**{¶3}** 3)     Plaintiff presented receipts from the commissary at defendant's London Correctional Institution which reveal that plaintiff purchased the headphone extension cable for $2.39, box of sugar cubes for $1.42, and three summers sausages for $5.43 on May 23, 2012. On July 17, 2012, he purchased deodorant for $3.05 and bath powder for $1.94. A review of his property record compiled on April 4, 2012 indicated that he was in possession of an alarm clock, lamp, and surge protector.

**{¶4}** 4)     Defendant submitted the investigation report admitting liability for destroying three of plaintiff's combination locks, but denying liability for the remainder of plaintiff's property.

**{¶5}** 5)     Inspector DeCarlo M. Blackwell, in a letter to staff counsel dated March 28, 2013, stated the following:

**{¶6}**     "On 8/3/2012 Officer McDonald went to Inmate Mason's dorm to pack up his property. Officer McDonald did not have the inmate's combination so his locks were cut off and the property was removed from the housing unit. Officer's McDonald personally conducted the pack up and escorted it out of the dorm. He never left the property unattended. Upon arriving back to the Vault he inventoried the property and listed only what was retrieved from the wall and two foot lockers. This is a total of three locks."

**{¶7}** 6)     Finally, defendant speculated "that inmates in the housing unit tampered with pad lock, gained access to your property and stole the wanted items." Accordingly, ODRC requests that plaintiff's claim be dismissed.

**{¶8}** 7)     Plaintiff filed a motion for summary judgment. Plaintiff requested

that judgment be awarded in his favor based upon ODRC's failure to timely submit the investigation report and the admission that defendant's agents cut his locks off his secured property items.

{¶9}    8)    Plaintiff filed a motion for production of documents.  Plaintiff seeks "footage from the Camera located directly above Plaintiff's bed area in London Correctional Institution (LoCI) Dorm B-2, bed 113 Lower from between 5:00 a.m. and 7:30 A.M. from August 3, 2012."   In the alternative, a work order directing the maintenance department to repair this camera if defendant claims the camera was not operational at this time.

{¶10} 9)    Plaintiff filed a second motion for production of evidence seeking defendant's duty roster for August 3, 2012 for the time period 5:00 through 6:00 a.m. Plaintiff seeks this information to prove Captain Johnson was not on duty at the time of the incident.   Plaintiff also seeks documents concerning an earlier incident when defendant replaced certain items of plaintiff's lost property.

{¶11} 10)    Plaintiff filed a motion to have the investigation report stricken since it was untimely filed and contained "deliberate lies."

{¶12} 11)    Plaintiff submitted a response to defendant's investigation report. Plaintiff stated that his property was left unattended during the pack up process and presents the affidavit of Shaun K. Smith to support this allegation.  Plaintiff contended that defendant's agents cut off four locks not three as mentioned in the investigation report.  Plaintiff disputes defendant's reliance on a commissary slip dated May 23, 2013 for the purchase of summer sausage, sugar, and beans.   Plaintiff asserted this commissary slip was provided to prove that he purchased the headphone extension cable on that date.  Plaintiff contended that the food items in question were purchased on July 25, 2013 and requested that this commissary slip be provided by defendant.

{¶13} Plaintiff again reiterates his position that the camera in question was in

working order and to view this footage would support plaintiff's allegations. Accordingly, plaintiff argues judgment should be rendered in his favor.

CONCLUSIONS OF LAW

{¶14} 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.,* 15 Ohio St. 3d 75, 77, 472 N.E. 2d 707 (1984).

{¶15} 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 788 N.E. 2d 1121 (2nd Dist.), citing *Miller v. Paulson*, 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521 (10th Dist. 1994); *Mussivand v. David*, 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265 (1989).

{¶16} 3) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility*, 76-0356-AD (1976).

{¶17} 4) This court in *Mullett v. Department of Correction*, 76-0292-AD (1976), held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶18} 5) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University*, 76-0368-AD (1977).

{¶19} 6) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction*, 85-

01546-AD (1985).

{¶20} 7)     In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, to any essential issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.*, 161 Ohio St. 82, 118 N.E. 2d 147 (1954).

{¶21} 8)     "When prison authorities obtain possession of an inmate's property, a bailment relationship arises between the correctional facility and the inmate.  *Buhrow v. Dept. of Rehab. & Corr.* (July 26, 1985), Ct. of Claims No. 85-01562-AD, unreported.  'A bailment is defined as a delivery of something * * * by one party to another, to be held according to the purpose or object of the delivery, and to be returned * * * when that purpose is accomplished.'  (Footnotes omitted.)  8 Ohio Jurisprudence 3d (1978), 401, Bailments, Section 2."  *Bacote v. Ohio Department of Rehabilitation and Correction*, 61 Ohio Misc. 2d 284, 578 N.E. 2d 565 (Ct. of Cl. 1988).

{¶22} Based upon defendant's statements, a bailment relationship was created when defendant's agent cut the locks off of property that plaintiff had locked for safe keeping.

{¶23} 9)     There is a duty to return or otherwise account for bailed property; however, this duty is not based on negligence.  The bailee is liable for not returning the bailed property, and is excused only if it has been lost without fault or want of care.  Failure to redeliver a bailed article gives rise to an inference of negligence, and shifts the burden to the bailee to present sufficient evidence to counterbalance this inference.  *Buhrow*.  See also *Bacote*.  Defendant has presented no evidence that other inmates stole plaintiff's property prior to defendant taking control over it.  Speculation does not satisfy defendant's burden of proof.

{¶24} 10)     Plaintiff's failure to prove delivery of the Sony earbuds, calculator

and tweezers to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction*, 86-02821-AD (1987).

**{¶25}** 11)    The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass*, 10 Ohio St. 2d 230, 227 N.E. 2d 212 (1967), paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill*, 176 Ohio St. 61, 197 N.E. 2d 548 (1964). The court finds plaintiff's assertions credible with regard to the loss of the remainder of his property.

**{¶26}** 12)    Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after he was transferred to segregation. *Billups v. Department of Rehabilitation and Correction*, 2000-10634-AD (2001).

**{¶27}** 13)    The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.*, 67 Ohio Misc. 2d 40, 644 N.E. 2d 750 (Ct. of Cl. 1994).

**{¶28}** 14)    As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility*, 61 Ohio Misc. 2d 239, 577 N.E. 2d 160 (Ct. of Cl. 1988).

**{¶29}** 15)    Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris*, 25 Ohio App. 3d 42, 495 N.E. 2d 462 (10th Dist. 1985). Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio*, 102 Ohio App. 3d 782, 658 N.E. 2d 31 (12th Dist. 1995).

**{¶30}** 16)    Plaintiff has suffered damages in the amount of $126.43, plus the $25.00 filing fee which may be awarded as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction*, 62 Ohio

Misc. 2d 19, 587 N.E. 2d 990 (Ct. of Cl. No. 1990).



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MATT MASON

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2012-08753-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE
DETERMINATION


    All pending motions are MOOT.

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $151.43, which includes the filing fee.  Court costs are assessed against defendant.




                    DANIEL R. BORCHERT
                    Deputy Clerk


Entry cc:


Matt Mason, #231-446          Stephen C. Gray, Chief Counsel
P.O. Box 69                  Department of Rehabilitation
London, Ohio  43140-0069      and Correction

770 West Broad Street
Columbus, Ohio  43222

DRB/laa
filed 10/30/13
sent to S.C. Reporter 1/30/14